JAMES W. CYPHERS, Plaintiff in Error, v. THE PEOPLE OF
THE STATE OF NEW YORK, Defendants in Error.

The omission of the county judge to designate, under the Laws of 1851 (ch.
444), at what terms of the Sessions a grand or petit jury shall be required to
attend, does not deprive the court of its authority, as such, to impannel a
grand jury at any of its terms.

The law of 1851 (ch. 444) is so framed that, in the absence of a designation of
any terms to be held without a jury, the general provisions of law respecting
the drawing and summoning of juries will take effect, and will require a jury
to be drawn and summoned at every term. (See Laws of 1847, ch. 280, § 42.)

Where the two justices of the Sessions fail to attend the Court of Sessions, the
county judge may call upon the bench two other justices; and, subsequently,
the two justices of the Sessions may appear and take their seats.

DENIO, Ch. J.    The plaintiff in error was indicted in the
Court of Sessions of Otsego county of the offense of murder,
at the February Term of the court, in the year 1864.    The
indictment was removed into the Court of Oyer and Ter-
miner of that county, where the plaintiff in error was
arraigned and pleaded not guilty.    He was afterwards per-
mitted to plead specially, in abatement, certain matters
drawing in question the legality of the constitution of the
grand jury by which the indictment ·was found, and of
the court to which it was presented.    The first mentioned
of these pleas set forth that, in designating the terms of the
Court of Sessions, the county judge did not designate at
which of such terms a grand or petit jury should be required
to attend.    The order of the judge was set forth in the pleas,
and, by it, terms of the County Court and Courts of Sessions
were required to be held, in each of the years 1864 and 1865,
on the second Monday of February and the first Monday of
August; but nothing was said in it respecting the attendance
of juries.

The statute on this subject is in these words : " Courts of
Sessions, except, &c., shall be held in the respective counties,
at such times as the county judge of the county shall by
order designate.    And the county judge shall, in such order,

designate at which terms of the Sessions a grand or petit jury, both or neither, shall be required to attend; and no grand or petit jury shall be required to be drawn or summoned to attend any term of the Court of Sessions which shall be designated by the county judge to be held without such jury." (Laws, 1851, ch. 444.)

The county judge did not perform his whole duty, in that he omitted to state distinctly the matters which the statute required to be stated. But the statute is so framed that, in the absence of a designation of any terms to be held without a jury, the general provisions of law respecting the drawing and summoning of juries will take effect, and will require a jury to be drawn and summoned for every term. (Laws, 1847, ch. 280, § 42.) If the clerk and sheriff do their duty, as they did in the present instance, a jury would necessarily be made to attend, in the absence of any direction to the contrary. We think the omission to designate any of the terms, as terms to be held without a jury, did not involve, as a consequence, the nullity of the court, or deprive it of its quality of a court for the impanneling of a grand jury. We concur with the Supreme Court in holding that the requirement to indicate the terms to be held with or without a jury should be considered as only directory, and not essential to the validity of the court.

The other pleas show that, at the commencement of the February Term of the Sessions, the county judge attended, but neither of the two designated justices of the peace attended; upon which, the judge called upon the bench two other justices of the peace, and adjourned the court from the 8th day of February, when it commenced, until the 10th of the same month. On that day the two justices elected as justices of the Sessions took their seats, and the court was subsequently held by the county judge and the last mentioned justices; and it was so held at the time the indictment was brought in. This was authorized by statute. (2 R. S., 5th ed., p. 296, § 11.) The point made by the counsel for the plaintiff in error is, that, the language being that "if either of the said justices shall not attend," &c., the vacancy shall

be supplied, &c., only the omission of one to attend is provided for. That construction is too narrow. The language is to be construed distributively, and applies *toties quoties* to each of the designated judges, if both fail to attend. The vacancy of one is supplied, and then that of the other.

We are of opinion that the Supreme Court gave the proper effect to the statutes, and that its decision should be affirmed.

No objection was taken by the counsel for the people as to the form in which the questions were presented by way of pleas in abatement; and we are not to be considered as giving any opinion upon that question.

The judgment here given must be remitted to the Supreme Court, to be by that court remitted to the Oyer and Terminer of Otsego county, with directions to proceed upon the indictment against the plaintiff in error according to law.

All the judges concurring,

Judgment affirmed.